UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRENDA WILEY,**

    **Plaintiff,**

v.                                                                                                      Case No. 8:06-CV-1178-T-EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 12).

applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, a court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citation omitted).[3]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff alleges that she became disabled on December 19, 2002 due to fibromyalgia, a fractured collar bone, temporomandibular joint (TMJ), chronic pain throughout her head, neck and shoulder, and depression. (T 14) Plaintiff filed an application for DIB and SSI on September 10, 2003. (T 13) Her application was denied initially on April 16, 2003, and after reconsideration on August 25, 2003. (T 42, 46) The ALJ held an administrative hearing on August 2, 2005. (T 13) The ALJ denied benefits to Plaintiff in a decision dated October 6, 2005. (T 28) The Appeals Council denied Plaintiff's request for review on April 28, 2006, allowing the ALJ's decision to stand. (T 5) Plaintiff filed a timely petition for judicial review of the Commissioner's decision after exhausting

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

all administrative remedies (Dkt. 1). The Commissioner's decision is ripe for review under the Act.

At the time of the hearing, Plaintiff was forty-six years old and had a general education diploma. (T 14) Her past work experience includes work as a waitress/bartender, house cleaner, care giver, and receptionist/file clerk for two physicians. (Id.) To determine if Plaintiff was disabled, the ALJ performed a five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the onset of her alleged disability in 2002. (T 16) Second, after examining the medical evidence, the ALJ found that Plaintiff suffered from "degenerative disk disease [ ] of the cervical spine, fibromyalgia/myofascial pain syndrome, headaches, left shoulder impingement syndrome/tendonitis/possible rotator cuff tear, and TMJ syndrome," which constitute severe impairments. (T 21) Although the plaintiff also complained of depression, the ALJ determined that it was not a severe impairment. (Id.) The ALJ then determined that these impairments, either singly or in combination, do not meet or medically equal an impairment listed in the Listings of Impairments. (Id.)

The ALJ determined in the third step that Plaintiff has the residual functional capacity ("RFC") to perform the exertion associated with light work. (T 26) Fourth, based upon Plaintiff's RFC, the ALJ found that Plaintiff can perform her past relevant work as a receptionist and file clerk. (Id.) Because the ALJ found that Plaintiff could perform past work, she was not required to consider the fifth step. Accordingly, the ALJ found that Plaintiff is not disabled as defined by the Act. (T 26)

The medical evidence was summarized in the ALJ's decision and is not repeated here except as necessary to address the issues presented.

**II.**

Plaintiff argues that the Commissioner erred by (1) not according substantial weight to

Plaintiff's treating source; (2) not properly assessing the credibility of Plaintiff's claim; (3) failing to consider the combined effect of Plaintiff's impairments; (4) not calling a vocational expert to testify; and (5) failing to properly evaluate whether Plaintiff's shoulder impairment satisfied the requirements of Listing 1.02B.

**A.**     Plaintiff contends that the ALJ erred in not according substantial weight to the treating physicians' reports.  The Commissioner responds that Plaintiff failed to identify which treating physician the ALJ overlooked.  Further, the Commissioner contends that no treating or examining physician placed any functional limitation on the Plaintiff exceeding two days.  On the contrary, the Commissioner contends, the ALJ's determination that Plaintiff was capable of light exertion was a more favorable decision than the evidence implicated.

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject that opinion.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). Although Plaintiff contends that the ALJ disregarded the treating physicians' testimony, she fails to identify which physicians' records the ALJ did not accord substantial weight. (Dkt. 13 at 6-7)  There is also no evidence that the ALJ elected to accord less weight to one or more of the treating physicians' opinions.  Accordingly, Plaintiff's contention that the ALJ failed to accord sufficient weight to the treating physicians' opinions is unsubstantiated.

Moreover, an examination of the record reveals that the non-treating physicians were the only physicians who placed a functional limitation on the plaintiff.  (T 187, 357)  Although some physicians found that plaintiff's ailments limited her ability to perform certain tasks, no physician found a functional limitation exceeding two days.  (T 26)  Thus, the treating physicians' opinions do not support Plaintiff's position.

Accordingly, the ALJ properly weighed the reports of both treating and non-treating physicians in determining that Plaintiff was not disabled within the meaning of the Act.

**B.**     Plaintiff also contends that her complaints of pain are supported by the medical evidence and her statements to her physicians. The Commissioner responds that the ALJ's credibility determinations are supported by substantial evidence.

It is the function of the Commissioner, not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656, 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996); Bloodsworth, 703 F.2d at 1239.

The Eleventh Circuit established a three-part standard to use when evaluating a claimant's subjective complaints of pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) evidence of an underlying medical condition, and either (2) the medical evidence substantiates the severity of the pain from the condition, or (3) that the condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986).[4]

---

[4] This standard is consistent with Social Security regulations, which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529,

The ALJ explicitly stated and applied the proper standard in assessing Plaintiff's credibility. (T 23) The ALJ analyzed whether the medical evidence supported the severity of Plaintiff's allegations and found no evidence of an impairment that would restrict Plaintiff's ability to engage in all substantial gainful activity. (Id.) On the contrary, the ALJ found that Plaintiff's daily activities were inconsistent with her allegations. (Id.) Thus, the ALJ found Plaintiff's testimony generally not credible. (T 27)

Therefore, the only question remaining is whether the ALJ's assessment is based on substantial evidence. The ALJ cited several specific reasons for rejecting Plaintiff's testimony as to the effect of his impairments. (T 23-26) The ALJ noted that Plaintiff's statements regarding her symptoms were inconsistent with her daily activities, inconsistent with the information she gave to her physicians, and were not supported by the medical evidence. (T 23)

Although Plaintiff alleged that she suffered from depression, the ALJ found that she continued employment "part-time as a caregiver, which require[d] her to get out of the house, go shopping, interact with people, perform household chores, drive, and remind patients of medications and appointments." (T 21, 390-91) Her activities since her alleged disability contradict her alleged ailments of memory loss and isolation resulting from depression. (T 21) Despite Plaintiff's complaints to Alan M. Spiegel, M.D. ("Dr. Spiegel") about loss of memory and lack of sleep due to depression, the physician never diagnosed her with memory loss and he prescribed sleep medication only to help her cope with the pain. (T 21, 134-60) When she was consultatively examined at a later date by Adam Greenfield, D.O. ("Dr. Greenfield"), she denied suffering from changes of mentation or memory loss, and Dr. Greenfield did not find such symptoms. (T 21, 181) Thus, the medical

---

416.929).

evidence and Plaintiff's activities do not support her assertions that she suffers from any severe impairment or limitations due to depression.

The ALJ also noted that even if Plaintiff did have TMJ, a severe impairment, it did not impose "work-related limitation of function or chronic severe pain." (T 23) Although Plaintiff complained of TMJ syndrome, she denied TMJ tenderness when examined by Dr. Spiegel in March 2001, (T 23, 155), and Dr. Greenfield found no jaw problems during an examination in May 2003. (T 23, 184)  While noting Plaintiff's testimony that she had been diagnosed with fibromyalgia, the ALJ found only references to a history of fibromyalgia in the medical records and declined to find that condition as a basis for her complaints of severe chronic pain, absent an evaluation from a rheumatologist. [5](T 24)

The ALJ also reviewed the medical evidence concerning Plaintiff's headaches and concluded that her complaints of chronic headaches and shoulder pain have not impaired her ability to function. (T 24)  Although Dr. Spiegel prescribed pain medication for her headaches, which significantly reduced their severity, she discontinued its use due to the expense. (T 24, 142) Further, when off the medication, she rated her headache pain at a 3 or 4 on a scale of 10. (T 24) Further, despite her allegations of severe pain, the record is devoid of any evidence that Plaintiff filled her prescriptions, requested samples of the medicine, or sought treatment from Vocational Rehabilitation Services. (Id.)  Although Plaintiff was diagnosed with left shoulder impingement syndrome (T 165), her

---

[5] Even though Dr. Spiegel stated in March 2001 that Plaintiff's prior fibromyalgia was possibly worsened by her car accident, he did not document any findings supporting a fibromyalgia diagnosis; rather, he only noted Plaintiff's statement that she had fibromyalgia, and he found that Plaintiff was experiencing pain throughout her spine and left shoulder. (T 23, 156-58) Based on these findings, Dr. Spiegel referred her to a chiropractor, not a rheumatologist. (T 24, 158) Without diagnosing fibromyalgia, Dr. Greenfield as well noted that Plaintiff's fibromyalgia was not severe. (T 23, 184

treating physicians did not note neurological deficiencies, motor weakness, impairment of manipulation, or other objective, clinical signs, except for muscle spasms, trigger points, and a limited range of motion. (T 25, 161). Neither did Dr. Greenfield. (T 181-84)

Although the ALJ did find that Plaintiff suffered from pain due to her impairments, her alleged limitations were not consistent with the medical records or her daily activities. (T 25) Based on the record, the ALJ properly evaluated Plaintiff's complaints of pain and other subjective symptoms, and there is substantial evidence to support the ALJ's decision. Plaintiff has not shown that the reasons cited by the ALJ are unsupported by the record, were misinterpreted, or were incorrect. Accordingly, substantial evidence supports the ALJ's credibility determination. See generally Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989).

**C.** Plaintiff also submits that the Commissioner did not consider the combined effect of all her impairments, both severe and non-severe, as required by Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) and other cases. The Commissioner responds that the ALJ's assessment was explicit and thorough, and it should be accorded deference.

The ALJ must consider each alleged impairment and "state the weight accorded [to] each item of impairment evidence and the reasons for his decision on such evidence." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). In addition, the ALJ must explain whether the impairments are severe by themselves and in combination. Id. The combined effect of the impairments must be considered even if any of the impairments considered separately are not "severe." Hudson, 755 F.2d at 785-86. The failure to comply with these requirements results in a remand. Gibson, 779 F.2d at 623. A statement by the ALJ that the combined effect of a plaintiff's impairments does not render him or her disabled is sufficient to show that the ALJ addressed the combination issue. Jones v. Dept.

of Health and Human Serv., 941 F.2d 1529, 1533 (11th Cir. 1991); Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

The ALJ in this case found that the impairments considered individually or in combination were insufficient to meet the severity of any of the listed impairments. (T 27) The ALJ engaged in a comprehensive discussion of the evidence prior to reaching her conclusion. (T 14-26) Accordingly, the ALJ's decision reflects that she considered all the impairments raised by Plaintiff and supported by medical evidence in the record. The express statement made by the ALJ indicates that the combination of impairments were properly considered and complies with the requirements of Jones and Wheeler. Therefore, this issue does not entitle Plaintiff to relief.

**D.** Plaintiff also contends that the ALJ erred in not soliciting the testimony of a vocational expert. The Commissioner correctly responds that there is no requirement for vocational expert testimony at the fourth step of the disability analysis

The testimony of a vocational expert is required only to determine whether the claimant's RFC permits her to do other work after the claimant met his initial burden of showing that he cannot do past work. Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (citation omitted). In this case, Plaintiff continued to perform her daily activities and engage in meaningful work. Specifically, the ALJ found that Plaintiff's severe impairments have not prevented her from engaging in past relevant work. (T 15, 26) Based upon that finding, the ALJ was not required to decide whether other work opportunities were available. Accordingly, the ALJ properly declined to solicit the testimony of a vocational expert.

**E.** Plaintiff also contends that the ALJ improperly determined that the requirements of Listing 1.02B were not satisfied. The Commissioner responds that Plaintiff failed to satisfy all of the

Listing's requirements. Specifically, the Commissioner contends that Plaintiff's right shoulder is in good shape and she failed to show that she is unable to perform the tasks enumerated in Listing 1.00B2c.

In determining whether a plaintiff's condition meets or equals a listed impairment, it is the plaintiff's burden to produce all medical evidence and findings necessary to make this determination. Bell v. Brown, 796 F.2d 1350, 1353 (11th Cir. 1986) (citing 20 C.F.R. §§ 404.1525, 404.1526). The Commissioner need not "mechanically recite the evidence" leading to the determination that a claimant's impairments do not meet any of the Appendix I listing criteria. Hutchison v. Bowen, 787 F.2d 1462, 1463 (11th Cir. 1986) (upholding the ALJ's implicit finding that the disability claimant did not meet any of the Appendix I impairments).

Although Plaintiff alleges that the ALJ incorrectly determined that the requirements of Listing 1.02B were not satisfied, she fails to provide any evidence or analysis in support of her proposition. Accordingly, Plaintiff's argument is without merit and does not warrant further discussion.[6]

## III.

---

[6] In any event, Plaintiff's fibromyalgia and shoulder impairment does not satisfy the listing requirements in Section 1.02A or B. Listing 1.02A requires "major dysfunction of a joint(s) due to any cause, with involvement of one major peripheral weight-bearing joint, resulting in inability to ambulate effectively." (T 22) The failure to ambulate effectively is defined as "an extreme limitation of the ability to walk, i.e. an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." (Id.) A person who experiences ineffective ambulation generally lacks the ability to function without the help of an assistive device. (Id.) Alternatively, Section 1.02B requires impairment of one joint in each upper extremity which prevents someone from effectively engaging in "fine and gross movements." Id. Plaintiff's impairments do not prevent her from performing ordinary tasks. (T 168) Therefore, Listing 1.02A is not satisfied. Plaintiff also failed to satisfy Listing 1.02B because she does not have the required joint impairments; only Plaintiff's left shoulder is impaired. (Id.) Since her alleged disability commenced, Plaintiff continued her daily activities. (T 23) Thus, even if Plaintiff experienced severe impairments under the statute, these impairments have not prevented her from engaging in work-related activities.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED** that:

(1)   the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2)   the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of July, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge